Judge Nicholas
delivered the Opinion of the Court.
The pleadings in this case present the question, whether, where the sale and assignment of a judgment, without recourse, is the consideration of a covenant, the subsequent reversal of the judgment will be such a failure of consideration as to bar a recovery on the covenant.
No sufficient reason suggests itself, why a supposed legal demand, which is clothed in the form of an existing judgment, may not be a fair subject of barter or sale, even though the judgment he erroneous, and liable to be reversed. The hazard of reversal is an incident, the risk of which the purchaser must be presumed to incur, unless he guards himself against it, by an express covenant from the vendor. If it be a vendible thing at all, as it must be admitted to be, the validity of the sale of it can never be tested by its actual, intrinsic value merely. The chances against a reversal may well be such, in the estimation of a purchaser, as to induce him to speculate on his faith in them. • It is his concern, to take care not to pay more than the chance is worth. It was held by Lord Mansfield, to be a fair subject of wager, whether a particular judgment to which a writ of error was prosecuted, would be reversed or not. — ■ The chance of preventing the reversal of a judgment, cannot be a less fair and legitimate subject of speculation. Each party must be presumed to act on his own opinion of the law, and the manner in which it will be expounded by the appellate court, and, of course, to in - cur the hazard of an error in his judgment.
*169 The sale of a reversible judgment, carries with it no implied warranty that it is irreversible, any more than the sale of a bad title to property, without warranty, whilst in adverse possession, carries with it a warranty that the title is good, or of some value. A bad title of that sort, is as utterly worthless as a reversible judgment can be ; yet we believe it never has been seriously contended, either that it was not vendible, or that the sale of it produced any implied warranty on the part of the vendor. The sale of a reversible judgment is not like the sale of a forged note. The sale of a note is accompanied with an implied warranty of its genuineness, because the vendee can never be presumed conusant of the fact, that it is a forgery. But the reversible or irreversible quality of a judgment, depends upon whether it has a proper legal foundation or not, which again depends upon what the law is, with regard to that particular case, and of this all men are presumed to be equally conusant. If the validity, or invalidity, of a note, as the obligation of the apparent obligor, depended upon the proper execution of a power by an agent, one who purchased the note with full knowledge of all the facts, and without an assignment from the vendor, would have no recourse upon the vendor because of the legal insufficiency of the power to bind the apparent obligor.
If a judgment be a vendible something, the purchase money paid for it cannot be recovered back whilst it remains in force, merely because it is reversible, for it may never be reversed; and if there be no implied warranty that it never will be reversed, neither can the purchase money be recovered back when a reversal takes place. Neither, therefore, can its subsequent reversal be relied on a total failure of consideration, in bar of a covenant of which its sale was the consideration. There would be the same pretext for treating the subsequent death of a horse, the sale of which constituted the consideration of a covenant, as amounting to a total failure of consideration. The judgment must be reversed, with costs, and cause remanded, with directions to overrule the demurrers to the replications to defendant’s plea's, and for further proceedings consistent herewith.